IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No.: 5:21-cv-118-KDB-DSC

| | |
|---|---|
| ELIZABETH RUDDY and LATOYA DANIELS, *On Behalf of themselves and All Others Similarly Situated*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | )<br>) |
| CAVALRY PORTFOLIO SERVICES, INC., | )<br>)<br>)<br>) |
| Defendant. | ) |

## CONSENT PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain information served, produced or otherwise disclosed or communicated by, between, or among the parties to this lawsuit, the Court, and/or third persons/entities, all parties to this lawsuit hereby stipulate and agree, and IT IS ORDERED THAT:

1. Any Party may designate information or documents produced or furnished by that Party during the course of this proceeding as "**Confidential Information**". Such designations (together, "**Protected Documents**") shall constitute a representation by the Party and its counsel that they, in good faith, believe that the material so designated contains or constitutes, at the time of the designation, commercial, proprietary, or business information, personnel information or other information of a non-public nature considered to be sensitive, confidential and/or proprietary. Such designations may be applied to any information or

documents produced, including, but not limited to, electronically stored information, metadata, timestamps, and backup copies, for items including, but not limited to, email, mobile device data, social media and website posts, electronic documents, databases, and computer-based and other digital systems, subject to the requirements set forth in Rule 26(c) and Rule 34 of the Federal Rules of Civil Procedure.

2. Any document or information that a Party deems to contain **Confidential Information** shall be labeled by such Party on each page of such document with such designations.

3. **Confidential Information**, which herein includes any copies thereof, shall not be publicly disclosed or disseminated, directly or indirectly, by any person or entity with knowledge of this Protective Order except in accordance with the terms of this Protective Order. Lack of knowledge of this Protective Order shall not be a defense to breach of any **Confidential Information** or use of such **Confidential Information** outside the scope of the permitted uses under this Protective Order. **Confidential Information** may be used **only** for the prosecution or defense of the above-captioned proceeding and not for any other pending or threatened proceeding, or any other purpose. Except as expressly permitted herein or by further order of this Court, during the pendency of this matter, all **Confidential Information** shall be maintained and kept by the other Party in this case in a confidential manner. **Confidential Information** shall not be discussed, given, shown, disclosed, disseminated, transmitted, divulged, or described, directly or indirectly, to any

persons other than those set forth in paragraph 4 hereof.

4. The following persons shall be the only persons permitted to have access to **Confidential Information** and such access shall be subject to the limitations set forth below:

(a) counsel for the Parties, including outside and in-house lawyers, and such lawyers' staff to whom it is necessary that materials be disclosed in this action;

(b) the Parties and each of their officers, directors or employees who are actively participating in the prosecution or defense of this action;

(c) consulting experts and testifying experts whom counsel for the Parties reasonably deem necessary for the preparation and trial of this action;

(d) mediators enlisted by all Parties to assist in the resolution of this matter; and

(e) the Court and court reporters engaged to record depositions, hearings or trials in this action.

5. All persons disclosing **Protected Documents** shall do the following:

(a) provide a copy of this Protective Order to the person to whom disclosure is made;

(b) inform the person to whom disclosure is made that s/he is bound by this Protective Order;

(c) require the person to whom disclosure is made to sign an Acknowledgment and receipt of this Protective Order;

3

(d) instruct the person to whom disclosure is made to return all **Protected Documents** at the conclusion of the case, including notes or memoranda made from the **Protected Documents**; and

(e) at the conclusion of the action, gather the **Protected Documents**, copies thereof, and any and all related notes and memoranda, and return them to the party or attorney who originally disclosed them with a certificate of compliance with the terms of this Protective Order.

All persons receiving **Protected Documents** under paragraphs 4(c) and 4(d) above shall first sign an Acknowledgment that reflects their commitment to preserve the confidentiality of all information so designated, which Acknowledgment shall be on the form annexed hereto. All persons sharing **Protected Documents** are required to have such Acknowledgement signed prior to disclosure of any **Protected Documents** to any person or entity. The Party disclosing **Protected Documents** is responsible for maintaining a record of all disclosures of **Protected Documents** and copies of any and all signed Acknowledgments relating to the same. Except for the parties, counsel's staff, and consulting experts, such Acknowledgement must be provided to the Party producing the **Protected Document** within three business days of execution of the Acknowledgement.

6. Any **Protected Document** which is filed with the Court shall be filed under seal in accordance with the Federal Rules of Civil Procedure and LCvR 6.1.

7. If a Party desires to designate any portion of a deposition as confidential, the designating Party shall have thirty calendar days after receipt of the transcript

to designate portions of the transcript and inform counsel of record in writing of such designation.

8. If a Party inadvertently fails to designate a document or other information, that Party may thereafter designate the document or other information provided that the Party gives prompt, written notice of the desired designation to all Parties after discovery of any failure to designate. Thereafter, such document or information shall be subject to the provisions of this Protective Order and shall be treated as so designated from the date written notice of the designation is provided to the other Party. Any inadvertent or unintentional disclosure by the supplying Party of **Protected Documents** (regardless of whether the information was so designated at the time of disclosure), or of documents or information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, attorney-client or work-product privileges.

Upon receipt of notification that any such document has been inadvertently produced, the receiving party shall gather the document or documents, including all originals and copies thereof and those that were disseminated to others, and destroy or return such Protected Documents to the party who produced them no later than five days from learning of the inadvertent production. The receiving party shall not retain or keep any copy, electronic copy, hard copy, or otherwise, of the Protected Documents or notes regarding the Protected Documents or their contents.

Before making application to the Court for such relief, the producing party shall confer with the receiving party in an attempt to resolve informally any dispute regarding the inadvertent production. Upon finding that the document is privileged, confidential, or otherwise protected and that its production was inadvertent, the Court may direct the return of the document and all copies thereof to the producing party, preclude the use of the document and any information contained therein for any purpose in this litigation, and order such other relief as the Court deems necessary and appropriate.

9. The restrictions against disclosure set forth in this Protective Order shall not apply to information received by one party bearing the "**Confidential Information**" designation of an opposing party, when such information:

(a) is at any time independently developed by the receiving party without use of or reliance upon any of the opposing party's Discovery Materials bearing the "**Confidential Information**" designation; or

(b) is rightfully acquired by the receiving party from an independent source, wherein such independent source is without restrictions as to use or obligations as to confidence and has the right to disclose such information; or

(c) was, prior to disclosure, rightfully in the possession or knowledge of the receiving party; or

(d) is publicly available in substantially the same form in which it was provided by the party claiming confidentiality; or

(e) is required by law to be made available to third parties (a party receiving a subpoena for a producing party's confidential documents has the duty to notify said producing party as soon as practicable); or

(f) was, is or becomes public knowledge, not in violation of this Protective Order.

Any Party seeking to invoke Paragraph 9 shall have the burden of proving that such information or documents fall within the exceptions set forth in Paragraph 9.

10. Within thirty calendar days after the conclusion of this litigation and without request of the disclosing Party, the receiving Party shall return all originals and copies of each **Protected Document** designated by the disclosing Party. The receiving Party is responsible for retrieving and certifying that all originals and copies of each **Protected Document** that were disseminated by the receiving Party are returned included in the original and copies of each **Protected Document** under this paragraph that are being returned to the disclosing Party. The receiving Party may at its discretion destroy all Protected Documents in lieu of returning them to the disclosing Party. Upon the Protected Documents' destruction, the receiving Party shall confirm in writing to the disclosing Party that the Protected Documents have been destroyed.

Notwithstanding the above, counsel may retain attorney work product, so long as that work product does not duplicate verbatim substantial portions or the text or images of any **Protected Document**. Any such work product retained by an attorney

shall continue to be confidential, shall be subject to this Protective Order, and may not be used in any other litigation.

11. In the event that a Party disagrees with the designation by the other Party, the Parties shall try first to resolve such dispute in good faith before seeking intervention of the Court. The party claiming confidential status shall have the burden of establishing the need for such status. Pending such determination by the Court, material designated as a **Protected Document** shall be treated as confidential as provided in this Protective Order.

12. Nothing in this Order shall prevent disclosures beyond the terms of this Order: (a) by the Party that designated the information, (b) if the Party that designated the information consents to such disclosure, or (c) if the Court, after notice to all affected Parties, orders such disclosure.

13. If, in another action or proceeding, any person possessing **Protected Documents** receives or has received a subpoena, summons, or demand which seeks **Protected Documents**, the person receiving the subpoena or document demand (a) shall, to the extent not prohibited by law, give written notice by email within two (2) business days of the receipt of such subpoena or demand to undersigned counsel for the Party or Parties that produced and/or designated the Confidential Information and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

14. Nothing in this Order shall prevent any producing Party from seeking additional protection regarding the production, use or disclosure of **Protected Documents** in connection with any hearing or other proceeding in this Action. Nothing in this Order shall prevent any Party from opposing the production of any information for reasons other than confidentiality.

15. If any party or attorney wishes to file or use as an exhibit or as evidence at a hearing or trial, any **Protected Documents**, she or he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) creating a mutually acceptable redacted version that suffices for purposes of the case or (b) agreeing that the **Protected Document** shall only be placed in the record under seal with the Court's permission. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the Court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with Rule 26 of the Federal Rules of Civil Procedure and controlling precedent.

16. The Parties agree that communications involving their respective counsel that post-date the filing of the Complaint need not be placed on a privilege log and need not be identified.

**SO ORDERED.**

Signed: January 19, 2022

_____
David S. Cayer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No.: 5:21-cv-118-KDB-DSC

| | |
|---|---|
| ELIZABETH RUDDY and LATOYA DANIELS, *On Behalf of themselves and All Others Similarly Situated*,<br><br>Plaintiffs,<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **CONSENT PROTECTIVE ORDER ACKNOWLEDGEMENT**

I, _____, being duly sworn, deposes and says that:

I have read and am familiar with the terms of the Consent Protective Order governing the disclosure of confidential information produced by the parties in the above-captioned proceeding. I hereby agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information or material obtained pursuant to that Order other than for purposes of this Proceeding.

This the \_\_\_ day of _____, 2022.

_____

Name: _____

Date: _____