IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00118-KDB-DSC

| | |
|---|---|
| ELIZABETH RUDDY and LATOYA DANIELS, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CAVALRY PORTFOLIO SERVICES )<br>LLC, )<br>Defendant. ) | **MEMORANDUM AND**<br>**RECOMMENDATION AND ORDER** |

**MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on Defendant Cavalry Portfolio Services LLC's Motion to Compel Arbitration and Dismiss or Stay this Action Pending Arbitration (Doc. 17).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, Defendant's Motion to Compel Arbitration is granted and this action is stayed pending arbitration. The undersigned respectfully recommends that Defendant's Motion to Dismiss be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts as alleged by Plaintiffs are accepted as true. Daniels and Ruddy opened credit card accounts with Citibank on November 13, 2018, and May 24, 2016, respectively. Citibank provided them with the terms and conditions governing their accounts. Those included an arbitration provision. Doc. 17, Exs. 1-2.

1

In late 2020 and early 2021, Citibank allegedly transferred all right, title, and interest in the accounts to Cavalry SPV I, LLC, a debt collector, pursuant to (1) a Bill of Sale and Assignment and (2) a Master Purchase and Sale Agreement (MPSA). Doc. 17, Exs. 1-4; Doc. 25, Exs. 1-7. At the time Plaintiffs' debt was assigned or otherwise transferred to Defendant for collection, the accounts were in default. To collect the debt, Defendant contacted Plaintiffs by written notice. Rather than preparing and mailing such notice to Plaintiffs on its own, Defendant used a third-party vendor to provide that service. Defendant conveyed information regarding the debt to the third-party vendor, which then populated some or all the information into a pre-written template, printed, and mailed the letter to Plaintiffs at Defendant's direction. Plaintiffs received the letters in December 2020 and January 2021.

Plaintiffs filed their Complaint alleging violations of the Fair Debt Collection Practices Act, the North Carolina Debt Collection Act, and the North Carolina Unfair and Deceptive Trade Practices Act on June 30, 2021, in Iredell County Superior Court. Defendant removed the action to this Court on August 6, 2021. Defendant filed its initial Motion to Compel Arbitration and Dismiss or Stay this Action on October 20, 2021. On November 1, 2021, Plaintiffs filed a Consent Motion for Leave to Take Discovery on the Issue of Arbitrability and to Stay Defendants' Motion to Compel Arbitration. Following a Joint Motion for Extension of Time to Complete Limited Discovery, Defendant renewed its Motion to Compel Arbitration.

## DISCUSSION

I. **Standard of Review**

The Federal Arbitration Act ("FAA") establishes a policy favoring arbitration. The FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with

2

a valid agreement to arbitrate. 9 U.S.C. § 3. The Supreme Court has described the FAA as "a liberal federal policy favoring arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citation omitted). Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." Am. Exp. Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2309 (2013) (internal quotation omitted).

District Courts "should apply the summary judgment standard to evaluate motions to compel arbitration under the FAA." Air-Con, Inc. v. Daikin Applied Latin Am., LLC, 21 F.4th 168, 175 (1st Cir. 2021) (collecting cases). Under the summary judgment standard, "the court must construe the record in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Id. Further, "if the non-moving party puts forward materials that create a genuine issue of fact about a dispute's arbitrability, the district court 'shall proceed summarily' to trial to resolve that question.'" Id. (citing 9 U.S.C. § 4; Neb. Mach. Co., Inc. v. Cargotec Sols., LLC, 762 F.3d 737, 744 (8th Cir. 2014)).

The court must compel arbitration if "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement." Chorley Enter., Inc. v. Dickey's Barbecue Rest., Inc., 807 F.3d 553, 563 (4th Cir. 2015). In deciding whether the parties have an enforceable agreement to arbitrate, courts apply state law principles governing the formation of contracts. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). See also AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 648 (1986); Johnson v. Circuit City Stores, Inc., 148 F.3d 373, 377 (4th Cir. 1998); Arrants v. Buck, 130 F.3d 636, 640 (4th Cir. 1997). "If a contract

3

contains an arbitration clause, 'a presumption of arbitrability exists,' and there must be 'positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' Doubts are resolved in favor of coverage." Krueger v. Angelos, 26 F.4th 212, 217 (4th Cir. 2022) (citing AT & T Technologies, 475 U.S. at 650).

The doctrine of estoppel recognizes "that a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him." International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 418 (4th Cir. 2000). Where a "contract provides part of the factual foundation for every claim asserted" in the complaint and that contract contained an arbitration provision, a court "can only conclude" that the plaintiff is "estopped from refusing to arbitrate its dispute." Id.

## II. Defendant's Motion to Compel Arbitration Should be Granted

### A. The parties have entered into a valid agreement to arbitrate.

The Court finds that the parties entered into a valid agreement to arbitrate. Plaintiffs' Citibank card agreements indisputably contain arbitration provisions that apply not only to claims between the original signatories but also to "claims made by or against anyone connected with us or you claiming through us or you." Doc. 17, Ex. 1 at 12. The arbitration provisions include a Survival and Severability of Terms section that states the provisions shall "survive changes in this Agreement…including...any sale of your account, or amounts owed on your account, to another person or entity." Doc. 17, Ex. 1 at 13. Finally, one of the provisions directly addresses arbitration in the context of debt collection, stating that, "We and any assignee may

4

seek arbitration on an individual basis of any Claim asserted by you, whether in arbitration or any proceeding, including a proceeding to collect a debt." Doc. 17, Ex. 2 at 7.

Plaintiffs do not deny the existence of the arbitration provisions. They argue that there are disputed material facts that must be resolved by a jury. Plaintiffs argue that there is insufficient evidence "before the Court" to determine that Citibank assigned its rights to Defendant. Doc. 21 at 4. While the Court must "'proceed summarily to trial' "if the non-moving party puts forward materials that create a genuine issue of fact about a dispute's arbitrability," Plaintiffs have not done so here. Daikin, 21 F.4th at 175 (internal citation omitted). Review of the record shows that Plaintiffs were notified that Citibank sold accounts to Cavalry SPV I LLC (which referred the accounts to Defendant), the MPSA governing the sale included their accounts, and the terms and conditions not specifically addressed in the MPSA and Addendum "shall remain unchanged and in full force and effect." Doc. 17, Exs. 1–4; Doc. 24, Exs. 1–7; Doc. 25, Ex. 2 at 1. Because the arbitration provisions survived the sale and assignment of the accounts to Defendant, the parties entered a valid agreement to arbitrate.

### B. The dispute in question falls within the scope of the arbitration agreement.

Disclosure of Plaintiffs' sensitive financial information to a letter vendor without authority or consent falls within the scope of the arbitration agreement. Courts interpret arbitration provisions broadly and hold that phrases such as "all claims" and "any claim, dispute or controversy between you or us arising out of and related to your account" cover a wide range of potential matters subject to arbitration, including debt-collection claims. See Mey v. DIRECTTV, LLC, 971 F.3d 284 (4th Cir. 2020); see e.g., Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd., 139 F.3d 1061, 1067 (5th Cir. 1998) (stating that use of phrases "arising out of," and "in connection with or relating to" (resolves any doubt that [the clause] is a 'broad' clause");

Collins & Aikman Prods. Co. v. Bldg. Sys., Inc., 58 F.3d 16 (2nd Cir. 1995); Nature's 10 Jewelers v. Gunderson, 648 N.W.2d 804, 810 (S.D. 2002); Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 99 (4th Cir. 1996).

Here, the arbitration agreements cover "all Claims…no matter what legal theory they're based on or what remedy they seek," "Claims made regarding past, present, or future conduct," and

> Claims made by or against anyone connected with us or you claiming through us or you, or by someone making a claim through us or you, such as a co-applicant, authorized user, employee, agent, representative, or an affiliated/parent/subsidiary company.

Doc. 17, Ex. 1 at 12. Plaintiffs' claims fall within this broad definition. Because all claims fall under the parties' agreements to arbitrate, Plaintiffs must assert their claims against Defendant in arbitration. Under the FAA, once a court finds that arbitration is mandated, it must stay the underlying litigation to allow arbitration to proceed. 9 U.S.C. § 3 ("a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration…").

## ORDER

**FOR THE FOREGOING REASONS**, Defendant's Motion to Compel Arbitration is granted and this action is stayed pending arbitration.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's Motion to Dismiss be denied.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure

to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Synder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED.**

Signed: August 9, 2022

David S. Cayer
United States Magistrate Judge